UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GARY BALL, JR.,

    Defendant.
                                     /

Case No. 06-20465

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [2883] OF THIS COURT'S MAY 25, 2017 ORDER [2881]**

Defendant Gary Ball moves for reconsideration of this Court's May 25, 2017 Order granting in part his motion for discovery, which was filed in connection with Defendant's 28 U.S.C. § 2255 motion to vacate his sentence. For the reasons that follow, the Court DENIES Defendant's motion for reconsideration.[1]

**I.    Applicable Standard**

Pursuant to Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a party may file a motion for reconsideration within fourteen days after a court issues an order. Although a court has the discretion to grant such a motion, it generally will not grant one that "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L. R. 7.1(h). To succeed on the motion, the movant "must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of

---

[1] The Court presumes familiarity with the underlying facts.

the case." *Id.* A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest, or plain." *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).

**II. Analysis**

Defendant asserts four grounds for reconsideration. He first argues that his discovery requests merit reconsideration because the factual background in the May 25 Order did not include various allegations related to his claim that Lawrence Shulman labored under a conflict of interest. (Dkt. 2883, at 2-5.) The Court disagrees for two reasons. First, Defendant has not shown that omitting these allegations constituted an obvious or unmistakable defect. The purpose of the Order's factual background was to provide context for Defendant's discovery requests, not to recount every allegation that might bear on his substantive § 2255 motion. The Court is aware of the relevant allegations and considered them before ruling on the requests related to Shulman's alleged conflict, many of which were granted. The Court will continue to address all relevant allegations, either expressly or by reasonable implication, when it rules on the substantive motion.

Furthermore, even if omitting these allegations constituted a palpable defect, Defendant has not shown how correcting that defect would compel a different result. In fact, Defendant has not identified a *single* discovery request that he argues was incorrectly decided in connection with these allegations. Therefore, Defendant has failed to show that reconsideration is warranted on this ground.

Defendant next challenges the Court's denial of discovery requests related to his claim that the Government committed prosecutorial misconduct by going to trial on Count Thirteen (conspiracy to murder), an argument that the Sixth Circuit expressly rejected on

2

direct appeal. *United States v. Nagi*, 541 F. App'x 556, 569 (6th Cir. 2013), *writ of certiorari denied*, 134 S.Ct. 1804. The May 25 Order concluded that there was no good cause for granting discovery requests related to this claim because the Court could not identify any "highly exceptional circumstances" for reconsidering the issue. (Dkt. 2881, at 28.) Defendant argues that this conclusion "ignores the most extraordinary circumstance that the defense has had a chance to interview the witness, McDonald, to whom the allegation [underlying the conspiracy to murder charge] was attributed[,] and has been advised unequivocally that this witness never made any such claim and that the government entirely fabricated the matter." (Dkt. 2883, at 5-6.) Because this presents an issue already "ruled upon by the court, either expressly or by reasonable implication," the Court will not grant reconsideration on this basis. E.D. Mich. L. R. 7.1(h).

Nonetheless, the Court will elaborate. On direct appeal, addressing Defendant's argument that "the prosecution committed misconduct by proceeding to trial against him on Count 13 conspiracy to commit the murder of Burnett and then dropping the charge prior to jury deliberations," the Sixth Circuit did not only determine that "[t]here is no indication [] that the government had an improper motive for proceeding in the way that it did." *Nagi*, 541 F. App'x at 569. It also determined: "Further, the jury did not receive a copy of the indictment until the conclusion of the case, so it never knew that Ball faced the charge and, thus, could not have been prejudiced against Ball on that basis." *Id.* Given the breadth of this decision -- particularly the finding that the jury "could not have been prejudiced" -- it is not apparent how Defendant's allegation of prosecutorial misconduct, even if supported by discovery, would qualify as an "extraordinary circumstance" justifying the relitigation of this

3

issue. As a result, Defendant has not carried his burden of showing that he is entitled to discovery on the matter. *See Thomas v. United States*, 849 F.3d 669, 680 (6th Cir. 2017) (explaining that discovery in § 2255 proceedings is warranted only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief").

Third, Defendant contests this Court's conclusion that there was no good cause for granting discovery related to Defendant's claim that Benito Mendoza is "a corrupt law enforcement officer who acted against him in this case in order, among other reasons, to protect his own friends and associates[.]" (Dkt. 2881, at 28.) But Defendant never identifies a palpable defect by which the Court or the parties were misled. He only lodges a general complaint with the Court's characterization of his allegations and insists that his claims are based on "specific evidence," without citing to any such evidence. (Dkt. 2883, at 6.) Accordingly, Defendant is not entitled to reconsideration on this ground.

The final alleged defect relates to Defendant's requests for discovery related to his allegation that the prosecution, in seeking a four-point leadership role increase in the sentencing guidelines, falsely represented that property referred to as the Eight Mile Clubhouse was used as a center for Defendant to distribute illegal drugs. (*Id.* at 7.) Defendant correctly points out that the May 25 Order, in footnote 16 on page 29, conflates the Detroit Clubhouse with the Eight Mile Clubhouse. But he is incorrect that this constitutes grounds for reconsideration, as correcting this defect will not result in a different resolution of his requests.

The defect in footnote 16 did not serve as a basis for the Court's holding. The May 25 Order concluded that Defendant had not demonstrated the materiality of his requests because he had "not articulated, let alone demonstrated, how he would be entitled to relief under § 2255 even if he could prove the truth of this allegation." (Dkt. 2881, at 29.) Defendant's failure to demonstrate the materiality of his requests survives the correction of the erroneous footnote. Therefore, reconsideration is not warranted on this ground.

But again, the Court will elaborate. In his sentencing memorandum, Defendant objected to a leadership role related adjustment. (Dkt. 1761, at 7-9.) At the close of the sentencing hearing, the Court identified at least four reasons for concluding that Defendant served in a leadership role: (1) "he was in a leadership role in this club as president of the Eight Mile Chapter"; (2) "he was certainly in a leadership role and extremely active in the distribution of all kinds of controlled substances"; (3) he was in a leadership role "in facilitating the stolen property activity that went on for many years"; and (4) "[h]e was part of and in the leadership structure of . . . a motorcycle gang that wreaked havoc on the southwest side of Detroit for many, many years[.]" (Dkt. 1969, at 24.) The Court also noted during the hearing that Defendant was "one of the longest time, old-time members, an honorary member." (*Id.* at 14.) And when the Sixth Circuit affirmed Defendant's sentence on appeal, it held that this Court's conclusions at sentencing were "supported by the record." *Nagi*, 541 F. App'x at 576.

Given that this Court identified other bases in the record for concluding that Defendant served in a leadership role, Defendant's allegation that the prosecution falsely represented during sentencing how Defendant used the Eight Mile property does not give the Court

5

"reason to believe that [Defendant] may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief." *Thomas*, 849 F.3d at 680. Accordingly, Defendant remains unentitled to discovery on this issue.

## III. Conclusion

For the foregoing reasons, Defendant's motion for reconsideration is DENIED. Furthermore, the Court amends its May 25 Order to strike footnote 16 on page 29, as well as to reflect the elaborations herein.

SO ORDERED.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: June 29, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 29, 2017, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager