UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GARY BALL, JR.,

    Defendant.
                                 /

Case No. 06-20465

Honorable Nancy G. Edmunds

**ORDER GRANTING THE GOVERNMENT'S MOTION FOR AUTHORIZATION TO SEEK CERTAIN COMMUNICATIONS [2897] AND DENYING DEFENDANT'S MOTION FOR COURT SUPERVISION [2894]**

This case is before the Court on two related motions. First, the Government moves for authorization to communicate with Defendant Gary Ball's former counsel, Lawrence Shulman, regarding certain allegations in Defendant's pending 28 U.S.C. § 2255 motion. Second, Defendant moves to prohibit any communications between the Government and Shulman related to his representation of Defendant outside this Court's presence and without Defendant present to invoke his attorney-client privilege. For the reasons below, the Court GRANTS the Government's motion and DENIES Defendant's motion.

**I.    Background**

Knowledge of the relevant background is presumed. To summarize, Defendant was convicted by a jury and sentenced on six counts. The Sixth Circuit affirmed, and the Supreme Court declined to grant certiorari. Defendant then filed his motion to vacate under 28 U.S.C. § 2255, which is currently pending. Therein, Defendant alleges, *inter alia*, that Lawrence Shulman provided him ineffective assistance of counsel because (1) a conflict

of interest adversely affected his representation and (2) he performed deficiently regardless of whether he was conflicted.

An evidentiary hearing in this matter is set for August 15, 2017, and the motions at issue here seek clarification regarding whether and to what extent the Government and Shulman may communicate prior to that hearing. The Government seeks an order authorizing limited communications concerning certain allegations in Defendant's § 2255 motion. The specific communications sought relate to allegations that Shulman: (1) labored under a conflict of interest that adversely affected his representation; (2) failed to prepare adequately; (3) failed to adequately investigate or contact witnesses in possession of material information; (4) failed to consult with Defendant concerning witnesses, discovery, and material facts and testimony related to the trial; (5) failed to confront the Government's case in material areas at trial and sentencing; (6) failed to pursue certain pretrial motions, despite Defendant's urging; (7) was ineffective with respect to advice and trial strategy; (8) rarely met Defendant before trial, never advised him about the elements of the offenses, and never meaningfully pursued any plea resolution, despite Defendant's telling Shulman of a desire to resolve the case through a plea; (9) misinformed Defendant about the sentence he faced; and (10) failed to discuss Defendant's sentencing with him.

Defendant's motion seeks an order forbidding *any* communications outside the Court's presence and without Defendant present to invoke his attorney-client privilege. In his Response to the Government's motion, Defendant asks in the alternative for an order requiring Shulman to submit an affidavit documenting his communications with the Government.

## II. Analysis

"There is no question that the attorney-client privilege remains applicable in habeas proceedings," but "[t]he privilege may be implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance." *In re Lott*, 424 F.3d 446, 452-53 (6th Cir. 2005); *see also Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."). The extent of that waiver is limited, however, and should not be construed to permit disclosure of more information than necessary to litigate the ineffective assistance claims. *Lott*, 424 F.3d at 453-54 (citing *Mason v. Mitchell*, 293 F. Supp. 2d 819, 823-24 (N.D. Ohio 2003)); *see also United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) ("[W]hen a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim."). When a court finds a waiver, it should impose it in a fashion "no broader than needed to ensure the fairness of the proceedings before it." *In re Lott*, 424 F.3d at 453 (quoting *Bittaker*, 331 F.3d at 720).

Here, Defendant has placed Shulman's performance and strategic decisions at issue by claiming that a conflict of interest adversely affected his representation and that Shulman performed deficiently regardless of whether he was conflicted. As a result, Defendant has impliedly waived the attorney-client privilege to the extent reasonably necessary to litigate those claims. And, because Defendant has already effectuated this

3

waiver, the Government may interview Shulman without Defendant present to invoke his attorney-client privilege. *See United States v. Straker*, --- F. Supp. 3d ---, 2017 WL 2937564, at *4 (D.D.C. July 10, 2017) (rejecting request to prohibit the government from communicating with former counsel outside the supervision of current counsel); *United States v. Basham*, 2012 WL 1130657, at *5 (D.S.C. Apr. 4, 2012) (rejecting claim that current counsel needed to be present for any interviews between the government and former defense counsel to assert attorney-client privilege). Any such interview must be limited, however, to what is reasonably necessary to respond to the allegations expressly mentioned in the Government's motion for authorization and discussed herein. *Mason*, 293 F. Supp. 2d at 823-24. Shulman may not discuss other aspects of his representation. Furthermore, the information disclosed may only be used during this ineffective assistance proceeding, including any appeal. *See Straker*, --- F. Supp. 3d ---, 2017 WL 2937564, at *5 (noting that cases in multiple circuits supported limiting the use of disclosed information to the ineffective assistance proceeding and appeal).

Having rejected Defendant's argument that his presence is necessary, this Court next rejects his argument that court supervision over these communications is necessary to ensure respect for the limited nature of the waiver. As a threshold matter, Defendant has not cited any authority from the Sixth Circuit adopting that approach, and the ethics opinion on which he relies, American Bar Association Formal Opinion 10-456 (2010), does not bind this Court. *See Jones v. United States*, 2012 WL 484663, at *2 (E.D. Mo. Feb. 14, 2012) ("ABA Formal Opinions are not binding on the Court."); *Melo v. United States*, 825 F. Supp. 2d 457, 463 n.2 (S.D.N.Y. 2011) ("[A]n ABA ethics opinion is not binding on this Court.").

4

Moreover, this Court is not persuaded that Formal Opinion 10-456 champions the correct policy. In advising that prosecutors and former defense counsel should not be permitted to communicate without court supervision, the ethics opinion fails to strike the appropriate balance between protecting confidentiality interests and ensuring "fair proceedings" by allowing the prosecution to fully develop its case. *See Courtade v. United States*, --- F. Supp. 3d ---, 2017 WL 1363329, at *5 n.5 (E.D. Va. Mar. 20, 2017) (refusing to prohibit ex parte communications regarding ineffectiveness claim due to the "obvious need to fully develop and clarify the record in collateral proceedings"); *Jones*, 2012 WL 484663, at *2 (noting the need to balance the movant's "confidentiality interests," former defense counsel's "self-defense interest," and the Government's ability "to fully develop its case").

Formal Opinion 10-456 also neglects the sufficiency of less restrictive orders. In this Court's view, an order like this one, which expressly delineates the subjects of discussion, limits the use of the disclosures to this proceeding (including any appeal), and implicitly carries the threat of possible sanctions for a violation thereof,[1] creates a sufficient safeguard against impropriety. *See 1st Tech., LLC v. Rational Enters. Ltda*, 2008 WL 4571258, at *5 (D. Nev. July 15, 2008) ("In most cases, the threat of sanctions . . . [is] probably sufficient to obtain a party's compliance with the court's discovery orders."). Furthermore, this Court's approach brings the added benefit of avoiding unnecessary burdens on federal courts. *See Giordano v. United States*, 2011 WL 1831578, at *3 (D. Conn. Mar. 17, 2011) ("It would be highly impractical to require federal district court judges

---

[1] This is not an invitation for Defendant to file an unsubstantiated motion for sanctions. Any such motion could also result in sanctions.

5

in each and every [ineffective assistance case] to directly supervise every interaction between the Government and the attorney who allegedly provided ineffective assistance[.]"). Accordingly, the Court rejects Defendant's request for court supervision.

This leaves only Defendant's alternative request that Shulman produce an affidavit before the hearing "that reflects his position vis a vis the claims the government has identified in its Motion and that reflects each and every communication he claims to have had with [Defendant] that he has revealed to the government[.]"[2] (Dkt. 2899, at 9.) Defendant argues that this procedure "is required both so that [he] can object to an overbroad construction of the limited attorney-client privilege waiver determination made by Shulman and so that he can have an opportunity to take all steps necessary to meaningfully respond to what Shulman has told the government[.]" (*Id.* at 10.) This Court rejects that procedure as unnecessary.

The argument that an affidavit is necessary so that Defendant may object is unavailing because, as discussed above: (1) Defendant already waived his privilege to the extent necessary to litigate the claims discussed herein; and (2) the Court believes that this order is sufficient to ensure respect for the limited waiver. *See United States v. Watson*, 2015 WL 1905881, at *2 (S.D. Ohio Apr. 24, 2015) (granting the Government's motion for authorization to interview defense counsel and not ordering any affidavit procedure). The due process argument also lacks merit. When Shulman testifies under oath at the evidentiary hearing, Defendant will have opportunities to respond meaningfully through

---

[2] Defendant's Response also requests an order directing Shulman to produce certain case files. Because this request is procedurally improper, this Court will not consider it.

cross-examination, taking the stand himself, or pointing to contradictory evidence after the hearing. Accordingly, this Court will not require the submission of an affidavit.

## III. Conclusion

For the foregoing reasons, the Government's motion for authorization to discuss formerly privileged matters with Lawrence Shulman is GRANTED, and Defendant's motion for court supervision over such communications is DENIED. Defendant Gary Ball has WAIVED privilege over the matters related to Shulman's performance and alleged conflict of interest by raising those issues in his § 2255 motion. Accordingly, Shulman is AUTHORIZED by this Court to respond to the Government's inquiries. However, this authorization is LIMITED to the extent reasonably necessary to address the specific allegations discussed herein and included in the Government's motion for authorization. Furthermore, the information disclosed may only be used during this ineffective assistance proceeding, including any appeal.

SO ORDERED.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 1, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 1, 2017, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager