UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GARY BALL, JR.,

    Defendant.

_____/

Case No. 06-20465

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANT'S REQUEST FOR EXTENSION OF TIME TO FILE A REPLY BUT DENYING HIS REQUESTS TO APPOINT COUNSEL AND CORRECT THE RECORD**

Defendant Gary Ball, Jr. was convicted after a multi-week trial of being part of a RICO enterprise, drug trafficking, and several other offenses. He was sentenced to 30 years imprisonment and began serving his sentence on June 6, 2011. On November 3, 2020, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Dkt. 3035.)  The matter is now before the Court on Defendant's request for an extension of time to file a reply to the Government's response brief opposing his motion for compassionate release. (Dkt. 3053.)  Defendant also requests the appointment of counsel to assist with his compassionate release request (Dkts. 3053 and 3042), moves to correct what he calls a "clerical error", and asks for assistance obtaining a transcript of a hearing that allegedly took place on March 27, 2008. (Dkt. 3007.)  The Government opposes Defendant's motion for compassionate release (Dkt. 3046), but has not filed a response regarding Defendant's other requests. For the reasons stated below, the Court GRANTS Defendant's request for an extension of time but denies his requests for assistance of counsel, to correct the record, and for a transcript.

1

The Supreme Court has held that a prisoner's post-conviction right to counsel extends only to his first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The decision to appoint counsel is within the discretion of the court, and appointed counsel is only deemed necessary where the interests of justice or due process are implicated. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Appointment of counsel is therefore required only if, given the difficulty of the case and the petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and the assistance of counsel would provide him with a reasonable chance of winning. *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).

Defendant has not demonstrated that appointment of counsel is appropriate in this case. His motion for compassionate release does not involve complex facts or legal doctrines that would prevent Defendant from effectively bringing the claim on his own behalf. Indeed, Defendant already filed a motion for compassionate release that includes evidence of exhaustion, his medical history, and an analysis of the 18 U.S.C. § 3553(a) sentencing factors. *See* Dkt. 3035. Therefore, his motion for appointment of counsel is denied. Nonetheless, it appears that mailing delays and Covid-19 restrictions have likely limited Defendant's timely access to legal resources. Accordingly, Defendant's request for an extension of time to file a reply brief is granted and he shall have until February 26, 2021 to file his reply.

As to Defendant's motion to correct the record and his request for assistance in obtaining a transcript from a March 27, 2008 hearing (Dkt. 3007), the Court has no record of a hearing being held on that date and no transcript that meets Defendant's request.

For these reasons, Defendant's motion for extension of time and for the appointment of counsel [3053] is GRANTED IN PART (extension) AND DENIED IN PART (appointment of counsel). Defendants motions to appoint counsel [3042] and correct the docket [3007] are DENIED.

SO ORDERED.

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 13, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 13, 2021, by electronic and/or ordinary mail.

s/ Lisa Bartlett
Case Manager