UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GARY BALL, JR., D-17,

    Defendant.

_____/

Case No. 06-cr-20465

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING SECOND MOTION
FOR COMPASSIONATE RELEASE [3127]**

Defendant Gary Ball, Jr. is currently in the custody of the Federal Bureau of Prisons ("BOP") at Federal Correctional Institution Elkton in Lisbon, Ohio. The matter is before the Court on Defendant's second motion for compassionate release. (ECF No. 3127.)

Eighteen U.S.C. § 3582(c)(1)(A)(i) allows district courts to reduce the sentences of incarcerated persons if (1) "extraordinary and compelling reasons warrant" a sentence reduction; (2) "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission"[1]; and (3) the 18 U.S.C. § 3553(a) sentencing factors weigh in favor of granting relief. *United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020). The Court can consider a prisoner-filed motion for compassionate release only after the movant exhausts his administrative remedies or 30 days after he requests relief from the BOP. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) (citing *United States v.*

---

[1] There are currently no policy statements that apply to prisoner-filed motions for compassionate release. *United States v. Jones*, 980 F.3d 1098, 1108, 1111 (6th Cir. 2020); *see also United States v. Owens*, 996 F.3d 755, 759 n.2 (6th Cir. 2021).

1

*Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020)). Here, Defendant provides proof of exhaustion. (ECF No. 3127, PageID.25287-88.)

Defendant first moved this Court for a sentence modification in November 2020. (*See* ECF No. 3035.) In that motion, Defendant primarily argued that his health issues combined with the increased risk to incarcerated individuals during the COVID-19 pandemic amounted to extraordinary and compelling reasons for a sentence modification. (*Id.*) The Court agreed and found that Defendant's health issues combined with the COVID-19 pandemic and the sentence disparity between Defendant and his co-defendants each constituted extraordinary and compelling reasons as required by the statute. (*See* ECF No. 3087.) Nevertheless, the Court found that the 18 U.S.C. § 3553(a) sentencing factors did not weigh in favor of immediate release. (*Id.*) Rather, the Court held that the sentencing factors were consistent with a reduction, but not an elimination, of Defendant's remaining term of incarceration. (*Id.*) Citing *United States v. Brooker* as authority to "reduce but not eliminate a defendant's prison sentence," the Court reduced the custodial portion of Defendant's sentence from 360 months to 240 months. (ECF No. 3087, PageID.23833.) *See also United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

Defendant now moves for an additional reduction of his sentence—to time served. His present motion gives a myriad of reasons why, he contends, there are extraordinary and compelling reasons for his immediate release. For instance, Defendant cites the sentence disparity between him and certain of his 90 co-defendants whose custodial sentences were reduced to time-served. (ECF No. 3127, PageID.25275-77.) Additionally, Defendant states he is the "only available caregiver" for his ailing mother as his multiple

2

siblings are either unable or unwilling to care for her. (*Id.*, PageID.25279-80; *see also* ECF No. 3128, *medical records filed under seal*.)  Defendant also argues that he is needed to assist his family with running the family auto business (*Id.*, PageID.25281), and that COVID-19 "is back at FCI Elkton with vengeance" (*Id.*, PageID.25282). Finally, Defendant references the evidence attached to his pending Rule 60(b) motion in support of his present motion. (*Id.*, PageID.25281-82.) Defendant's sister writes separately to the Court in support of Defendant's motion. (ECF No. 3129.)

As mentioned above, the Court previously found that Defendant showed extraordinary and compelling reasons for relief under 18 U.S.C. § 3582(c)(1)(A)(i). Thus, the Court will not delve into this analysis again—though the Sixth Circuit's interpretation of the statute has been refined since Defendant's first motion was decided, in a way that would likely change the outcome here. *See, e.g.*, *United States v. Lemons*, 15 F.4th 747, 751 ("a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction"); *United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021) ("A court must first find that the facts of *the defendant's* personal circumstances changed after sentencing in a way that is "extraordinary and compelling," before a court is permitted to weigh (or revisit) the § 3553(a) factors."). *See also United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

Defendant's present motion is denied because, despite Defendant's laudable efforts to continue his education through coursework (ECF No. 3127, PageID.25284) and

the support of his family (*id.*), the balance of the § 3553(a) factors has not changed since the Court decided Defendant's first motion for compassionate release. Defendant's crimes were very serious and the 240-month term imposed by the Court in its last order remains necessary to promote respect for the law, provide just punishment, deter criminal conduct, and protect the public. *See* 18 U.S.C. § 3553(a)(2)(A)-(C).

Defendant's second motion for compassionate release (ECF No. 3127) is therefore **DENIED**.

**SO ORDERED**.

> s/Nancy G. Edmunds
> Nancy G. Edmunds
> United States District Judge

Dated: April 28, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 28, 2022, by electronic and/or ordinary mail.

> s/Lisa Bartlett
> Case Manager