UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GARY BALL, JR., D-17,

    Defendant.

_____/

Case No. 06-cr-20465

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTIONS FOR RELIEF FROM JUDGMENT [2986] AND TO SUPPLEMENT [3144], STRIKING REPLY BRIEF [3124], DENYING AS MOOT DEFENDANT'S MOTION TO EXPEDITE [3141], AND STRIKING DEFENDANT'S SUPPLEMENTAL BRIEF [3152]**

On September 19, 2017, after holding a two-day evidentiary hearing, this Court entered its Opinion and Order Denying Defendant Gary Ball Jr.'s motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (the "2255 Opinion"). (ECF Nos. 2917, 2918.) Though the Court denied the motion, it issued a certificate of appealability on two issues—whether Defendant received ineffective assistance of counsel arising out of Lee O'Brien's alleged conflict of interest and whether he received ineffective assistance of counsel arising out of Lawrence Shulman's alleged conflict of interest. (*Id.* at PageID.21578-79.) Before the Court is Defendant Gary Ball Jr.'s Motion for Relief from Judgment brought through counsel pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 2986.) In his motion, Defendant provides new evidence that he states undermines the credibility of the evidentiary hearing witnesses and the Assistant United States Attorney who litigated Defendant's § 2255 motion. Defendant requests an indicative ruling under Rule 62.1 as

1

he has already filed an appeal with the Sixth Circuit Court of Appeals.[1] The Court declines to hold a hearing. *See* E.D. Mich. L.R. 7.1(f). Defendant's motion is DENIED for the reasons explained below.

I.   **Background and Procedural Posture**

This Court is well versed on the factual background of this case from extensive prior litigation and sees no need to recount all of Defendant's history here. *See, e.g.*, ECF No. 2917, PageID.21532-544; ECF No. 3087, PageID.23821-823; *see also United States v. Nagi*, 541 F. App'x 556 (6th Cir. 2013). For purposes of this opinion, the Court incorporates the factual background given in its 2255 Opinion.

The procedural posture of the present motion is as follows:

On August 21st and 22nd, 2017, this Court held a two-day evidentiary hearing in which Lawrence Shulman (Defendant's former attorney) and Jeff Hart (Michigan State Police Detective Sergeant) testified regarding certain allegations Defendant asserted in his 28 U.S.C. § 2255 motion. The Court found both witnesses to be confident, composed, and credible, and it denied Defendant's motion based in part on the witnesses' testimony. (*See* ECF No. 2917, PageID.21543-544.) Nevertheless, the Court found that jurists of reason could have resolved the motion in a different manner as to the issues of alleged ineffective assistance of counsel arising out of Lee O'Brien and Lawrence Shulman's representation of Defendant. (ECF No. 2917, PageID.21579.) It thus granted a certificate of appealability as to those two issues only. (*Id.*) Defendant filed an appeal on December 16, 2017.

---

[1] Briefing in the appeal has been held in abeyance pending resolution of this motion. (ECF No. 2997.)

On January 3, 2018, Defendant moved for an order authorizing Criminal Justice Act representation by Attorney David I. Schoen "for all further proceedings in connection with his motion to vacate his judgment of conviction of sentence under 28 U.S.C. § 2255[.]" (ECF No. 2929.) The Court granted Defendant's motion and on January 8, 2018, appointed Attorney Schoen to represent Defendant. (ECF No. 2930.) Relevant transcripts were ordered and provided on February 27, 2018. (ECF Nos. 2931-35.) Attorney Schoen was active in the appellate case from January 2, 2018, filing several motions throughout 2018 and 2019. *See generally*, Sixth Circuit Court of Appeals Docket #: 17-2495.

On September 29, 2019, Attorney Schoen filed the present motion on behalf of Defendant. (ECF No. 2986.) For the next approximately two years, the Court entered multiple stipulations and orders pertaining to the briefing schedule on the present motion. *See, e.g.*, ECF Nos. 2990, 3004. The Court also granted Defendant's motion to file a supplemental brief in support of his motion, limiting the supplemental brief to five pages. (*See* Text-Only Orders August 25, 2021, September 2, 2021, September 16, 2021.) Defendant noted the Court's page limitation "came as quite a shock," (ECF No. 3103, PageID.24485), but nonetheless he complied and filed his five-page supplement. (ECF No. 3110.) The Government filed its response in opposition to Defendant's motion on December 15, 2021. (ECF No. 3119.) Defendant, through counsel, then filed a 29-page reply brief with over 100 pages of exhibits. (ECF No. 3124.) Thereafter, the Court denied additional motions from Defendant for discovery and for leave to file additional supplemental briefing. (ECF No. 3130, 3132.) The present motion is now ripe for review.

3

**II.**     **Defendant's Reply Brief is Stricken**

The Eastern District of Michigan Local Rules provide that "[t]he text of a reply brief, including footnotes and signatures, may not exceed 7 pages." E.D. Mich. L.R. 7.1(d)(3)(B). Though not mentioned specifically in this rule, it is expected that a party wishing to file a longer brief would move for the Court's leave to do so. *See* E.D. Mich. L.R. 7.1(d)(3)(A). Defendant did not file such a motion, presumably because he knew it would be denied. The Court's Orders on August 25, 2021, September 2, 2021, September 16, 2021, and April 15, 2022 clearly limited Defendant to a single five-page supplemental brief even after Defendant expressed his "shock" at the limitation. (*See* ECF No. 3103.) It would seem as though Defendant attempted to overcome this limitation by filing a reply brief that grossly exceeded the allowable limit. Defendant's blatant attempt to circumvent both the local rules and this Court's multiple orders limiting him to five extra pages of briefing is sanctionable. E.D. Mich. L.R. 11.1.

"[A] district court has broad discretion to manage its docket"—including by striking a document filed in violation of its local rules. *American Civil Liberties Union of Kentucky v. McCreary County*, 607 F.3d 439, 451 (2010) (holding that "based on the district court's power to manage its own docket, the court had ample discretion to strike Defendants' late renewed motion for summary judgment"), citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999); *see also Martinez v. United States*, 865 F.3d 842, 844 (6th Cir. 2017) (affirming district court's order striking memorandum exceeding the 20-page limit set forth in local rule); *Bowles v. City of Cleveland*, 129 Fed. App'x. 239, 241 (6th Cir. 2005) ("[A] district court has inherent power to 'protect[ ] the due and orderly administration of justice and ... maintain [ ] the authority and dignity of the court....' "), quoting *Cooke v. United States*,

4

267 U.S. 517, 539 (1925); *Anthony v. BTR Auto. Sealing Sys., Inc.*, 339 F.3d 506, 516 (6th Cir. 2003) ("[T]rial courts have inherent power to control their dockets.").

The Sixth Circuit is not alone in recognizing the inherent authority of district courts to manage their dockets. The Seventh Circuit, for example, has repeatedly held that district courts "have broad discretion to manage their dockets" and further held:

> Implicit in this basic principle is the authority to enforce local rules or practices that enable a district court to manage its docket as efficiently and speedily as possible, particularly where there is no risk of unfair prejudice to the litigants. *See Reales v. Consol. Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996) (recognizing authority to enforce deadlines and deny extensions); *see also United States v. Microsoft*, 253 F.3d 34, 100 (D.C. Cir. 2001) ("An appellate court will not interfere with the trial court's exercise of its discretion to control its docket ... except upon the clearest showing that the procedure resulted in actual and substantial prejudice to the complaining litigant.") (quoting *Eli Lilly & Co., Inc. v. Generix Drug Sales, Inc.*, 460 F.2d 1096, 1105 (5th Cir. 1972)).

*A. Bauer Mech., Inc. v. Joint Arbitration Bd. of Plumbing Contractors' Ass'n & Chicago Journeymen Plumbers' Local Union 130, U.A.*, 562 F.3d 784, 790 (7th Cir. 2009). *See also United States v. Ferrand*, 284 F. App'x 177, 179 (5th Cir. 2008) (holding the district court did not err in striking the defendant's 24-page reply brief for exceeding the page limit, where the defendant did not file a motion for leave to file longer brief).

Striking Defendant's reply brief causes him no prejudice here. The Court is well aware of the facts and circumstances of Defendant's case having presided over nearly two decades of litigation and weeks of live testimony. Moreover, upon a brief review of the arguments contained in the reply brief, the Court is confident that full consideration of those arguments would not change its conclusion on the present motion. Finally, to the extent Defendant raises certain arguments for the first time in his reply, those arguments

5

are waived. *See Sanborn v. Parker,* 629 F.3d 554, 579 (6th Cir. 2010); *see also Am. Trim, L.L.C. v. Oracle Corp.,* 383 F.3d 462, 477 (6th Cir. 2004).

### III.     Defendant's Arguments

Defendant seeks to reopen this Court's § 2255 decision due to "newly discovered evidence" and "fraud" on the Court. (ECF No. 2986.) The primary focus of Defendant's motion is his allegation that newly discovered evidenced obtained through the Freedom of Information Act ("FOIA") requests demonstrates a stronger connection between the state case against Randell McDaniel and the federal Highwaymen Motorcycle Club investigation. As a result, Defendant asserts, Lawrence Shulman's and Jeff Hart's testimony to the contrary at the habeas evidentiary hearing was not credible, and, in turn, this Court's reliance on that testimony in reaching its merits decision was misplaced. *See* ECF NO. 2986, PageID.22145-146; ECF No. 3110, PageID.24701. Defendant next asserts that the "newly discovered evidence" was "altered" and thus the Court was defrauded. (*Id.* at PageID.22146.) Finally, Defendant accuses the Assistant United States attorney who litigated his § 2255 motion of making misrepresentations to the Court.

### IV.     Legal Standard

Rule 60(b) allows the trial court to relieve a party from a final judgment for the following reasons, among others: (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . (3) fraud . . ., misrepresentation, or misconduct by an opposing party . . . or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b). Under Rule 60(b), a party seeking relief from judgment must show the applicability of the rule. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)

(quoting *Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir.1993)). Certain types of motions are really "second or successive application[s] for habeas relief in disguise," *Moreland v. Robinson*, 813 F.3d 315, 323 (6th Cir. 2016), which cannot properly be brought under Rule 60(b). For instance, a motion styled as a Rule 60(b) motion that "seeks to add a new ground for relief" is a second or successive habeas motion. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

Similarly, a motion that attacks "the substance of the federal court's resolution of a claim on the merits" and "in effect asks for a second chance to have the merits determined favorably" is also a second or successive habeas motion. *Id.* at 532 & n.5; *see also In re Nailor*, 487 F.3d 1018, 1021-22 (6th Cir. 2007) (applying *Gonzalez* in the § 2255 context). As relevant here, an example of an "improper" merits-based Rule 60(b) motion is one that "seek[s] leave to present 'newly discovered evidence,' [under Rule 60(b)(2)] in support of a claim previously denied." *Gonzalez*, 545 U.S. at 531; *Moreland*, 813 F.3d at 323. Moreover, a motion that does not purport to challenge the merits of the district court's decision but that nonetheless "lead[s] inexorably to a merits-based attack on the prior dismissal of a habeas petition" is also a second or successive habeas petition. *Post v. Bradshaw*, 422 F.3d 419, 424–25 (6th Cir. 2005). In sum, motions falling in these categories should be considered § 2255 motions, *Nailor*, 487 F.3d at 1022, and therefore they cannot be brought under Rule 60(b) because that "would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals." *Gonzalez*, 545 U.S. at 532; *accord Nailor*, 487 F.3d at 1022–23.

By contrast, a criminal defendant can bring a "proper" Rule 60(b) motion before a district court when it (1) "challenges only the District Court's failure to reach the merits,"

7

*Gonzalez*, 545 U.S. at 538, such as a district court's procedural rulings, *id.* at 534, or (2) attacks "some defect in the integrity of the federal habeas proceedings," *id.* at. 532. Such defects include fraud on the federal habeas court. *Id.* at 532, n.5. Since this Court already reached the merits of Ball's § 2255 motion and denied it, the present motion purports to fall in this second category. The Court will therefore accept the motion as a proper Rule 60(b) motion.

**V.     Analysis**

    **A.     Defendant's Motion is Time Barred Under Rule 60(c)(1)**

Defendant purports to bring his motion pursuant to subsections (2), (3), and (6) of Rule 60(b). A motion brought under Rule 60(b) must be brought "within a reasonable time," and "for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order . . ." Fed. R. Civ. P. 60(c)(1). These time limits are claim-processing rules rather than jurisdictional bars, *Penney v. United States*, 870 F.3d 459, 462 (6th Cir. 2017), but these types of rules "assure relief to a party properly raising them," *Eberhart v. United States*, 546 U.S. 12, 19 (2005), and therefore should be enforced. *See also Gonzalez*, 545 U.S. at 535 (noting that its delineation of proper Rule 60(b) motions should not create an "avalanche" of post-judgment motions, in part because Rule 60(b) includes its own time limitations).

This Court's entered its 2255 Opinion on September 19, 2017, (ECF No. 2917), but Defendant did not file the present motion until September 29, 2019—*i.e.*, more than two years after entry of the judgment from which he seeks relief. This, by itself, forecloses any relief to Defendant to the extent he brings his motion under subsections (2) and (3) of Rule 60(b). Additionally, to the extent Defendant's motion was brought under Rule

8

60(b)(6), *see Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009) (finding Rule 60(b)(6) to be "an appropriate vehicle to bring forward a claim for fraud on the court"), the Court finds Defendant's delay in filing to be unreasonable.

"A reasonable time depends on the factual circumstances of each case, . . . and a moving party must articulate a reasonable basis for delay." *Tyler v. Anderson*, 749 F.3d 499, 510 (6th Cir. 2014) (internal citations omitted). Defendant provides no reason for his delay here, and based on the record, one does not exist. In November 2017, just two months after this Court entered the 2255 Opinion, Defendant submitted a motion, through counsel, in which he asked for an extension of time to file a notice of appeal "in order to further investigate information that recently has come to his attention that might make the filing of a motion under Rule 60(b) . . . necessary and appropriate." (ECF NO. 2923, PageID.21605.) Despite having the benefit of appointed counsel since January 2018, Defendant still did not file the present motion until September 2019. Moreover, the majority of the documents on which Defendant relies were requested through FOIA either near the time of the one-year deadline or well after it had expired. (*See, e.g.*, ECF No. 2986-1, PageID.22169 (FOIA request dated September 12, 2018); ECF No. 2986-4, PageID.22201 (FOIA request dated August 31, 2018); ECF No. 2986-5, PageID.22210 (FOIA request dated November 19, 2018)). Defendant could have requested these materials years earlier, including before his August 2017 evidentiary hearing. Accordingly, the Court finds Defendant's delay to be unreasonable and denies his motion as time barred.

### B. Defendant's Arguments Otherwise Fail

Even if Defendant's motion was not time-barred, it would still be denied. Where a defendant brings a proper challenge to a defect in the integrity of the habeas proceedings, he faces a high bar to obtain relief under Rule 60(b). This is because the availability of relief from judgment under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Id.* (quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund,* 249 F.3d 519, 524 (6th Cir.2001)). As a general matter, "[a] movant seeking relief under Rule 60(b)(6) must show 'extraordinary circumstances' justifying the reopening of a final judgment, and such circumstances 'rarely occur' in habeas cases." *Moore v. Mitchell*, 848 F.3d 774, 776 (6th Cir. 2017) (quoting *Gonzalez*, 545 U.S. at 535). If the petitioner can make the initial showing of extraordinary circumstances, he must then prove five elements by clear and convincing evidence: "(1) [conduct] on the part of an officer of the court; that (2) is directed to the judicial machinery itself; (3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; (4) is a positive averment or a concealment when one is under a duty to disclose; and (5) deceives the court. *Johnson v. Bell*, 605 F.3d at 339 (quoting *Carter v. Anderson*, 585 F.3d at 1011).

Here, Defendant fails to show extraordinary circumstances. First, his "newly discovered evidence" claims do not meet the extraordinary circumstances standard because, even assuming Defendant's claims are true,[2] they would have no impact on the Court's decision. In deciding Defendant's § 2255 motion, the Court assumed for purposes

---

[2] While the Court accepts some of Defendant's arguments for purposes of this opinion, it nevertheless finds the credibility arguments implausible for the reasons stated by the Government. (See ECF No. 3119, PageID.24965-968.)

of its analysis that Shulman's representation of Ball and McDaniel was concurrent and therefore applied the "presumed prejudice" standard of *Cuyler v. Sullivan*, 446 U.S. 335, 346 (1980). (ECF No. 2917, PageID.21561.) Nevertheless, the Court concluded that a conflict of interest did not adversely affect Shulman's representation of Defendant. (*Id.*) Thus, even if true, none of Defendant's present allegations would change the Court's perspective in such a significant way as to alter the Court's finding of facts or credibility determinations.

Defendant also fails to show extraordinary circumstances related to his allegations of prosecutorial misconduct. While he asserts these are new claims, the Court finds the underlying claims have already been litigated and rejected therefore Defendant's arguments are not properly brought under Rule 60(b). (*See, e.g.*, ECF Nos. 2986, PageID.22165; 3110, PageID.24704; 2917, PageID.21547-549.) Moreover, Defendant's arguments amount to nothing more than conjecture and misunderstanding regarding the internal operations of the United States Attorney's Office and investigative agencies. Finally, the Court does not find that the inconsistent or incorrect witness or AUSA comments identified by Defendant undermine the testimony so as to alter any of the Court's prior conclusions.

**VI.    Conclusion**

For the foregoing reasons, Defendant's Motion For Relief From Judgment (ECF No. 2986) is hereby DENIED; Defendant's Motion To Expedite Ruling on Rule 60(b) Motion (ECF No. 3141) is DENIED AS MOOT; Defendant's Motion to Supplement Motion to Expedite (ECF No. 3144) is DENIED AS MOOT; Defendant's Reply to the Government's Response (ECF NO. 3124) is STRICKEN FROM THE RECORD; and

Defendant's second supplemental brief styled as his Motion for Status Update is STRICKEN FROM THE RECORD.

**SO ORDERED**.

                                                      s/Nancy G. Edmunds
                                                    Nancy G. Edmunds
                                                    United States District Judge

Dated: February 7, 2023


I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2023, by electronic and/or ordinary mail.

                                                      s/Lisa Bartlett
                                                    Case Manager