UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GARY BALL, JR., D-17,

    Defendant.

_____/

Case No. 06-cr-20465

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING THIRD MOTION
FOR COMPASSIONATE RELEASE [3148] AND MOTION TO EXPEDITE [3147]**

Defendant Gary Ball, Jr. is currently in the custody of the Federal Bureau of Prisons ("BOP") at Federal Correctional Institution Elkton in Lisbon, Ohio. The matter is before the Court on Defendant's third motion for compassionate release. (ECF No. 3127.)

Eighteen U.S.C. § 3582(c)(1)(A)(i) allows district courts to reduce the sentences of incarcerated persons if (1) "extraordinary and compelling reasons warrant" a sentence reduction; (2) "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission"[1]; and (3) the 18 U.S.C. § 3553(a) sentencing factors weigh in favor of granting relief. *United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020). The Court can consider a prisoner-filed motion for compassionate release only after the movant exhausts his administrative remedies or 30 days after he requests relief from the BOP. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) (citing *United States v.*

---

[1] There are currently no policy statements that apply to prisoner-filed motions for compassionate release. *United States v. Jones*, 980 F.3d 1098, 1108, 1111 (6th Cir. 2020); *see also United States v. Owens*, 996 F.3d 755, 759 n.2 (6th Cir. 2021).

1

*Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020)). Here, Defendant provides proof of exhaustion. (ECF No. 3127, PageID.25287-88.)

Defendant first moved this Court for a sentence modification in November 2020. (*See* ECF No. 3035.) In that motion, Defendant primarily argued that his health issues combined with the increased risk to incarcerated individuals during the COVID-19 pandemic amounted to extraordinary and compelling reasons for a sentence modification. (*Id.*) The Court agreed and found that Defendant's health issues combined with the COVID-19 pandemic and the sentence disparity between Defendant and his co-defendants each constituted extraordinary and compelling reasons as required by the statute. (*See* ECF No. 3087.) Nevertheless, the Court found that the 18 U.S.C. § 3553(a) sentencing factors did not weigh in favor of immediate release. (*Id.*) Rather, the Court held that the sentencing factors were consistent with a reduction, but not an elimination, of Defendant's remaining term of incarceration. (*Id.*) Citing United States v. Brooker as authority to "reduce but not eliminate a defendant's prison sentence," the Court reduced the custodial portion of Defendant's sentence from 360 months to 240 months. (ECF No. 3087, PageID.23833.) *See also United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

On February 22, 2022 Defendant moved for compassionate release for a second time. (ECF No. 3127.) This Court denied his motion because the balance of § 3553(a) did not support a further reduction of Defendant's sentence. (ECF No. 3134.)

Defendant now moves for a third time for compassionate release, arguing that his health and the BOP's alleged substandard medical treatment warrant an additional 96-

day reduction of sentence. (ECF No. 3148.) Additionally, Defendant takes issue with the BOP's calculation of his release date. (*Id.* at PageID.25499-25506.)

Defendant's motion is denied because, as stated in this Court's Order denying Defendant's second motion for compassionate release, the § 3553(a) factors do not support an additional reduction of Defendant's sentence. Notably, the factors relating to the need to provide just punishment and general deterrence do not support a custodial sentence of less than 240 months.

Defendant's third motion for compassionate release (ECF No. 3148) and his motion to expedite the Court's decision (ECF No. 3147) are therefore **DENIED**.

**SO ORDERED**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 7, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager